| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------ X
                                                                        :

KEVIN REAVES,                                    :    **MEMORANDUM**
                                                                        :    **DECISION AND ORDER**
                                 Petitioner,      :
                                                                         :    16-cv-2221 (BMC)

                                 - against -               :

SUPERINTENDENT OF FIVE POINTS    :
CORRECTIONAL FACILITY,                  :
                                                                       :
                                 Respondent.   :
------------------------------------------------------------ X

**COGAN**, District Judge.

      Petitioner has moved for reconsideration of this Court's Memorandum Decision and Order of June 15, 2016 (the "June 15th decision") and the judgment of June 16, 2016, dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254(d). Although petitioner is correct that the Court applied an improper analytical framework to one of the issues raised in the petition, application of the proper framework leads to the same conclusion that the Court reached, and his motion for reconsideration is therefore denied.

      Familiarity with this Court's prior decision, <u>Reaves v. Superintendent, Five Points Correctional Facility</u>, No. 16-cv-2221, 2016 WL 3351008 (E.D.N.Y. June 15, 2016), is assumed. Petitioner's motion for reconsideration concerns one of the claims he raised in his petition, his ineffective assistance of trial counsel claim, which had seven points: (1) failure to call his shooting victim, Britt, who testified against him at trial, as a witness during his suppression hearing; (2) failure to seek to reopen the suppression hearing based on Britt's testimony at trial; (3) agreeing with the prosecutor to exclude from evidence a post-shooting video of Britt, showing him collapsing after being shot, prior to petitioner's counsel having reviewed the video;

(4) failure to seek to preclude a detective's testimony of petitioner's statements at petitioner's suppression hearing on the ground that it was broader than the notice of petitioner's statements that the prosecution had provided; (5) failure to move for a mistrial based on the prosecutor's prejudicial remarks during summation; (6) failure to object to the trial court's response to a note from the jury during deliberations; and (7) failure to investigate an eyewitness account of the shooting.

Petitioner exhausted this ineffective assistance of trial counsel claim in a motion pursuant to N.Y. C.P.L. § 440.10. The § 440 court held that points 1-6 were procedurally barred because they were "on the record" claims that had to be raised on petitioner's direct appeal of his conviction but were not, and were therefore procedurally barred, and point 7 was without merit. The Appellate Division denied leave to appeal.

This Court's June 15th decision directly reviewed the merits of only point 7 in the §440 court's decision. In reviewing that claim, this Court concluded that under the deferential review standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, petitioner was not entitled to relief.

However, petitioner had also moved for *coram nobis* relief before the Appellate Division, challenging the failure of his appellate counsel to raise points 1-6, i.e., those parts of his ineffective assistance of trial counsel claim that were on the pretrial and trial record and thus could have been raised on direct appeal. The Appellate Division denied *coram nobis* relief. This Court's June 15th decision reviewed the Appellate Division's *coram nobis* decision as to those points on the merits, again under AEDPA's deferential review standard, and again concluded that petitioner was not entitled to relief.

Petitioner's motion for reconsideration challenges this Court's implied recognition of the § 440 court's procedural bar of points 1-6, which resulted in this Court's reviewing the merits of those points only in connection with the Appellate Division's denial of his *coram nobis* motion, and this Court's deferential review of the § 440 court's denial on the merits of point 7. Petitioner argues that this Court should have reviewed his ineffective assistance of trial counsel claim *de novo*, not under AEDPA's deferential review standard, in its totality. He advances two arguments to reach this result.

First, petitioner contends that, as a matter of New York law, his presentation to the § 440 court of a "mixed claim" of ineffective assistance of trial counsel – that is, one containing both on-the-record and off-the-record components – could only be reviewed in a § 440 proceeding, and, therefore, the § 440 court erred in relying on a procedural bar to decline to review the merits of points 1-6. Petitioner further contends that this Court's review should not have been under the twice-removed deferential standard that this Court applied to the Appellate Division's decision on petitioner's *coram nobis* motion as to points 1-6,[1] nor under the deferential AEDPA standard as to point 7. Instead, petitioner contends, this Court should have reviewed *de novo* his ineffective assistance of trial counsel claim, since no state court had done so.

Second, petitioner contends that under Martinez v. Ryan, 132 S. Ct. 1309 (2012) (and, although petitioner does not cite it, Trevino v. Thaler, 133 S. Ct. 1911 (2013)), his § 440 motion constituted an "initial-review collateral proceeding," and, since New York law makes no provision for the appointment of counsel in such a proceeding, there is cause to excuse any procedural default. This, coupled with petitioner's argument that he has been prejudiced by his

---

[1] I use the phrase "twice removed" since this Court only reviewed whether appellate counsel's decision not to raise these points on direct appeal was objectively reasonable or prejudicial. As the July 15th decision discusses, and as explained below, this necessarily entailed an examination of the strength of petitioner's ineffective assistance of trial counsel claims as to points 1-6, but it did not require a direct review of those claims.

3

trial counsel's errors, leads to the same result as his first argument – that is, that this Court should not have recognized the procedural bar invoked by the § 440 court, and this Court should have reviewed the § 440 court's decision on the merits *de novo*.

Because petitioner's first argument is correct and he is entitled to *de novo* review of his ineffective assistance of trial counsel claim, I need not consider his second argument under Martinez.

In holding that points 1-6 were procedurally barred because petitioner could have raised them on direct appeal, the § 440 court cited N.Y. C.P.L. § 440.10(2)(c), which provides that

> the court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . .

The purpose of this provision is to prohibit criminal defendants from resuscitating claims that could have been raised on direct appeal but were not. See People v. Cooks, 67 N.Y.2d 100 (1986).

However, the key phrase in this statute is "unjustifiable failure to raise such ground" on direct appeal. The New York courts have recognized that when a defendant's ineffective assistance of trial counsel claim includes both on the record and off the record components, a § 440 motion is the only place that such a claim – referred to as a "mixed claim" – can be raised. This is because, at least theoretically, although one or more on the record errors of counsel may not cause sufficient prejudice to a defendant to warrant relief, the cumulative effect of on the record and off the record errors may rise to the level where relief is warranted. There has to be

4

some vehicle by which a state court can review all of the alleged errors of counsel at one time to measure this potential, and the New York courts have held that § 440.10 is the appropriate vehicle to seek such relief. Thus, in People v. Maxwell, 89 A.D.3d 1108, 1109, 933 N.Y.S.2d 386, 388 (2d Dep't 2011), the Court stated:

> [S]ince some of the defendant's allegations of ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record, the defendant has presented a "mixed claim[ ]" of ineffective assistance. In order to properly review a defendant's claim of ineffective assistance, a court must consider all of his or her allegations – as well as the evidence, the law, and the circumstances of the case – "in totality". Thus, where, as here, a defendant presents a mixed claim of ineffective assistance that depends, in part, upon matters that do not appear on the record, it cannot be said that "sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]). Therefore, such a mixed claim, presented in a CPL 440.10 motion, is not procedurally barred, and the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety.

(Citations omitted). See also Scott v. Connolly, No. 11-cv-953, 2014 WL 354253, at *8 (E.D.N.Y. Jan. 30, 2014), Smith v. Fischer, 07 Civ. 2966, 2013 WL 357604, at *7 (S.D.N.Y. Jan. 25, 2013); People v. Ceparano, 945 N.Y.S.2d 421, 422 (2d Dep't 2012).

The § 440 court did not recognize this limitation on § 440.10(2)(c), perhaps because, for unknown reasons, the District Attorney did not alert the § 440 court to it. Indeed, to the contrary, the District Attorney urged the § 440 court to hold that the points 1-6 of petitioner's ineffective assistance of trial counsel claim were procedurally barred as not having been raised on direct appeal, ignoring the New York authorities concerning mixed claims.[2] The § 440 court obliged, accepting this invitation to erroneously apply New York law. Petitioner contributed to the error, for he did not reply to the District Attorney's argument that the claim was procedurally barred,

---

[2] In fact, the District Attorney's office did not acknowledge the "mixed claim" standard at all before this Court and instead responded as if Maxwell and its progeny did not exist. It is unclear to me why the Kings County District Attorney is repeatedly taking positions on New York law that are contrary to direct Second Department authority.

although his moving papers, at least, argued that his ineffective assistance of trial counsel claim should be reviewed in its totality. Not until his motion for leave to appeal to the Appellate Division did petitioner make the argument that he is now making before me, that is, that under Maxwell and other New York cases, a mixed claim of ineffective assistance of trial counsel is properly heard in a § 440 motion.

Had the § 440 court ruled on the merits in the alternative as to points 1-6, instead of ruling only that those points were procedurally barred, this Court could have reviewed his entire ineffective assistance of trial counsel on the merits under AEDPA's deferential review standard. However, because the § 440 court did not review the merits of points 1-6, this Court must review petitioner's ineffective assistance of trial counsel claim *de novo*.

Nevertheless, the result reached in this Court's June 15th decision does not change when reviewed *de novo*, for none of the components of petitioner's ineffective assistance of trial counsel claim have merit under any standard of review. The June 15th decision did, in fact, examine the merits of each component, albeit in the context of either the *coram nobis* decision (points 1-6) or the § 440 decision (point 7) and, although I will not repeat the analysis as to each point in detail, removing AEDPA deference does not alter the conclusion.

Specifically, with regard to petitioner's claim in points 1 and 2 that his attorney should have called Britt as a witness at the suppression hearing, or moved to reopen the suppression hearing based on Britt's testimony at trial, the June 15th decision found that a review of Britt's trial testimony indicated that this would have made things worse for petitioner because the overall effect of Britt's testimony was to confirm his identification of petitioner as the shooter, and there was nothing hinting at suggestive conduct on the part of the police in Britt's trial testimony. "It is at least arguable that the testimony solidified rather than impeached Britt's

identification of petitioner, as Britt also testified that he and petitioner had talked for seven or eight minutes and he had gotten a really good look at petitioner. There was also nothing hinting at suggestive conduct on the part of the police." Reaves, 2016 WL 3351008, at *10. Similarly, the June 15th decision rejected petitioner's argument that his counsel should not have stipulated with the prosecutor to exclude the post-shooting videotape of Britt without first seeing the video in light of the undisputed facts as to what the video showed. "[O]f course, a video of the victim *in extremis* after he has been shot is something that any defense counsel in an attempted murder case would want to keep from the jury as unduly prejudicial, absent some unusually probative value." Id. at *12.

Each of the other components of petitioner's ineffective assistance of trial counsel claim was similarly weak under any standard of review. The June 15th decision observed that his contention that his attorney should have objected to the detective's testimony at the suppression hearing as going beyond the statutory notice of petitioner's admissions would have failed under New York law. "A motion by trial counsel objecting to the detective's testimony on the ground that it differed from the § 710 notice would have been a long shot." Id. The June 15th decision also found nothing in the prosecutor's closing statement that would have warranted a mistrial. "Having reviewed the closing arguments in detail, I see no reasonable prospect that a mistrial motion would or could have been granted." Id. at *13. As to petitioner's claim that the trial court mishandled a jury note, the June 15th decision concluded that this "argument was frivolous when raised in the state courts . . . . There was nothing ambiguous about the note." Id. at *14. And as to petitioner's claim of failure to investigate a witness, the June 15th decision found that, "[i]f anything, both the police report itself and the trial record suggest that this witness could have made things worse for petitioner." Id. at *16.

7

Although the conclusions contained in the June 15th decision were preceded by stating that they were reached the under an AEDPA framework, the conclusions themselves are not in any way qualified, and thus remain unaltered even when AEDPA's limitation is properly removed. And while there may be a case where the whole is greater than the sum of its parts, this is not that case – each of the components of petitioner's ineffective assistance of trial counsel claim is so lacking in merit that combining them into one does not cumulatively create a claim that meets the demanding standard of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Accordingly, even under *de novo* review, petitioner's ineffective assistance of trial counsel claim fails.

Petitioner's [12] motion for reconsideration is therefore denied. A certificate of appealability will not issue as the motion fails to raise any substantial issues. The Court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                                                    _____
                                                                                                        U.S.D.J.

Dated: Brooklyn, New York
          September 12, 2016